IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MICHAEL C. TIERNEY, | ) | NO. 1:13-cv-00132 LEK/KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DENYING MOTION FOR |
| vs. | ) | RELEASE AND DISMISSING ACTION |
| | ) | |
| HAWAII, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## ORDER DENYING MOTION FOR RELEASE AND DISMISSING ACTION

Before the court is *pro se* Plaintiff Michael C. Tierney's civil action. It is unclear whether Tierney intends this action as a prisoner civil rights complaint, is seeking some form of habeas relief, or a writ of mandamus. Tierney is incarcerated at the Halawa Correctional Facility ("HCF"). He complains that Defendant State of Hawaii is violating the Eighth and Fourteenth Amendments by refusing to release him on bail pending disposition of his petition for writ of *certiorari* to the United States Supreme Court. Tierney asserts that this is cruel and unusual punishment. Apparently, Tierney's motions for post-conviction relief seeking release in the state court have been denied and Tierney is seeking review by the United States Supreme

Court.[1]  Tierney has not submitted payment or an *in forma pauperis* application to commence this action.  Tierney's motion for release on bail is DENIED and this action is DISMISSED pursuant to 28 U.S.C. § 1915(e) and (g).

## I.   28 U.S.C. § 1915(g)

To the extent Tierney intends this action as brought pursuant to 42 U.S.C. § 1983, it is DISMISSED.  A prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* if:

> the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

"[Section] 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).  "In some instances, the district court docket records may be sufficient to

---

[1] Tierney notified the court in another action that he was granted parole on February 6, 2013.  *See Tierney v. Torikawa*, 1:12-cv-00056 LEK, ECF No. 74 PageID #329 ("[A]so on February 6, 2013, plaintiff was granted parole, but as of 2/9/13 he is still in prions at HCF.").

show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120.

At least three of Tierney's prior cases qualify as "strikes" under § 1915(g):

(1) *Tierney v. Kupers*, 128 F.3d 1310, 1311 (9th Cir. 1997) (finding that Tierney had three strikes under 28 U.S.C. § 1915(g));

(2) *Tierney v. Clinton*, 1996 WL 310171 (D.C. Cir. May 28, 1996), *aff'g Tierney v. Clinton*, Civ. No. 1:95-01268 UNA (dismissing action as frivolous); and

(3) *Tierney v. United States,* Civ. No. 11-00082 HG (D. Haw. Feb. 7, 2011) (dismissing as frivolous and finding Plaintiff had accrued three strikes).[2]

*See* PACER Case Locator http://pacer.psc.uscourts.gov (last visited March 20, 2013).  Tierney may not bring a civil rights action without prepayment of the $350.00 filing fee unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

**A. No Imminent Danger**

"[T]he availability of the [imminent danger] exception turns on the conditions a prisoner faced at the time the complaint was filed, not some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007).  "[T]he exception

---

[2]   The Ninth Circuit Court of Appeals and this court have notified Tierney regarding his strikes numerous times.  *See, e.g.*, *Kupers*, 128 F.3d at 1311; *Tierney v. United States*, Civ. No. 10-00675-HG (D. Haw. Dec. 1, 2010) (dismissing as frivolous and finding Tierney had accrued three strikes).

3

applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Id.* at 1055.  Claims concerning "imminent danger of serious physical injury" cannot be triggered solely by complaints of past abuse.  *See Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998); *Luedtke v. Bertrand*, 32 F. Supp. 2d 1074, 1077 (E.D. Wis. 1999).

Nothing within the Tierney's documents suggests that he in imminent danger of serious physical injury due to the State of Hawaii's refusal to release him pending his petition for certiorari to the United States Supreme Court.  Tierney may not proceed without prepayment of the civil filing fee.

## II.    MOTION FOR RELEASE ON BAIL

To the extent Tierney intended his document as a petition for mandamus, or as some other form of relief, his request is also denied and this action dismissed for failure to state a claim.  Tierney seeks release pursuant to the Bail Reform Act, 18 U.S.C. § 3143(b)(1)(B), pending the Supreme Court's disposition of his petition for *certiorari*.[3]  *See* Compl., ECF No. 1 PageID #1.

---

[3] To clarify, Tierney does not seek release pending resolution of any federal habeas petition.  This court denied Tierney's federal habeas petition in 2012, and the Ninth Circuit affirmed that decision, denied a certificate of appealability, and denied his request to file a second or successive petition raising these issues. *See Tierney v. Abercrombie,* 1:11-cv-00246 LEK, ECF Nos. 99, 100, 144-146.  Tierney has not petitioned for *certiorari* of these decision.

4

Tierney is not a federal prisoner and the Bail Reform Act's provisions do not apply to him or to challenges to his state sentence. "The release on bail of state prisoners seeking [release] in federal court is . . . governed by Fed. R. App. P. 23, and not by the provisions of the Bail Reform Act, 18 U.S.C. § 3142[.]" *Marino v. Vasquez*, 812 F.2d 499, 507 (9th Cir. 1987) (citing cases from the First, Second, Third and Fifth circuits holding the same). "The federal court's authority to release a state prisoner on recognizance or surety in the course of a habeas corpus proceeding derives from the power to issue the writ itself." *Id.* at 508. As this court has denied Tierney habeas relief, and this decision has been upheld by the federal appellate court, this court lacks jurisdiction to grant his request for release under the federal habeas statutes.

This court also lacks jurisdiction to grant his request as it relates to his state proceedings that are now on review with the Supreme Court. Rule 23(b) states:

> (b) **Detention or Release Pending Review of Decision Not to Release**. While a decision *not* to release a prisoner is under review, the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court, may order that the prisoner be:
>
> (1) detained in the custody from which release is sought;
>
> (2) detained in other appropriate custody; or
>
> (3) released on personal recognizance, with or without surety.

5

Fed. R. App. P. 23(b) (emphasis added).[4]  Tierney's request for review of the state court's decision denying him release is pending before the United States Supreme Court.  The language of Rule 23(b) clearly states that only the United States Supreme Court or the Hawaii supreme court have jurisdiction to consider Tierney's request for release on bail.

Rule 23(d) also supports deferral of this request to the United States Supreme Court.  It states:

> An initial order governing the prisoner's custody or release, including any recognizance or surety, continues in effect pending review unless for special reasons shown to the court of appeals or the Supreme Court, or to a judge or justice of either court, the order is modified or an independent order regarding custody, release, or surety is issued.

Fed. R. App. P. 23(d) (emphasis added).  That is, any initial order from the Hawaii state courts denying Tierney release continues in effect, unless Tierney can show the Supreme Court "special reasons" supporting modification of such order. According to the plain language of Rule 23(d), only the Supreme Court has the authority to rule upon Tierney's request. Tierney's request for relief from this court fails to state a cognizable claim.

### III.  CONCLUSION

Tierney's Complaint and action are DISMISSED without prejudice so that he may assert his request for release pending

---

[4] The Supreme Court counterpart to this rule is Sup. Ct. Rule 36(3)(a) and 36(4).

*certiorari* to the United States Supreme Court.  Any pending motions are terminated.  The Clerk of Court shall close the case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 21, 2013.



    /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Tierney v. Abercrombie, et al.,* 1:11-cv-00246 LEK/RLP; Order Denying Motion for Release and Dismissing Action; G:\docs\prose attys\3 Strikes Ords & OSCs\DMP\2013\Tierney 13-132  lek (demanding release).wpd